IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

|  |  |  |
|---|---|---|
| DWAYNE ANDERSON, | ⁜ | |
| Petitioner, | ⁜ | |
| vs. | ⁜ | No. 12-2380-STA-dkv |
| MICHAEL DONAHUE, | ⁜ | |
| Respondent. | ⁜ | |

ORDER TO MODIFY THE DOCKET
ORDER DENYING MOTION TO STAY STATE COURT CRIMINAL PROCEEDING
ORDER DENYING PETITION PURSUANT TO 28 U.S.C. § 2254
ORDER DENYING A CERTIFICATE OF APPEALABILITY
ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH
AND
ORDER DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL

On May 17, 2012, Petitioner Dwayne Anderson, Tennessee Department of Correction ("TDOC") prisoner number 124529, who is currently an inmate at the Hardeman County Correctional Facility ("HCCF") in Whiteville, Tennessee, filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, accompanied by motions seeking leave to proceed *in forma pauperis* and to stay the then-pending state criminal proceedings. (ECF Nos. 1, 2 & 3.) The Court granted leave to proceed *in forma pauperis* on May 17, 2012.

(ECF No. 4.) The Clerk shall record the respondent as HCCF Warden Michael Donahue.[1]

By way of background, Petitioner was indicted in Shelby County, Tennessee, on January 13, 2011, on charges of Burglary of a Building and Theft of Property Over $1,000.[2] That indictment resulted from a break-in and theft from Daniel Yacoubian Jewelers in Memphis in August, 2010.[3] According to the online docket for the Shelby County Criminal Court, those charges were resolved by nolle prosequi on July 20, 2012.[4]

On January 21, 2011, the grand jury returned a second indictment against Petitioner and Bobby Strickland on the same charges.[5] The case was tried on February 27, 2012, and Petitioner was convicted on both counts. On September 10, 2012, the trial judgment sentenced him to concurrent terms of twelve years on each count.[6] The docket does not state whether Anderson took a direct appeal.

---

[1] The Clerk is directed to correct the docket to reflect Petitioner's TDOC number and current address, which were obtained from the TDOC website, https://apps.tn.gov/foil/search.jsp. The Clerk is further directed to correct the docket to terminate Petitioner's former custodian, Shelby County Sheriff Bill Oldham, as a party to this action.

[2] Indictment, State v. Anderson, No. 11-00111 (Shelby Cnty. Crim. Ct.), ECF No. 1-1 at 2-4.

[3] See ECF No. 1-1 at 1 (Affidavit of Complaint).

[4] See http://jssi.shelbycountytn.gov/ Indictment No. 11-00111).

[5] Indictment, State v. Strickland & Anderson, No. 11-00340 (Shelby Cnty. Crim. Ct.), ECF No. 1-1 at 5-7.

[6] See http://jssi.shelbycountytn.gov/ (Indictment No. 11-00340).

The Petition alleges that one of the State's witnesses, Jason Tunstall, testified at trial that he only saw one person inside Daniel Yacoubian Jewelers. The Affidavit of Complaint, which was signed by Memphis Police Sergeant G. Burton, states that "[e]ye witness Jason Tunstall was leaving a restaurant near by and observed two males inside the business" and that "[t]he defendants Dwayne Anderson and Bobby Strickland were positively identified by the witness as the person [sic] he saw."[7] Tunstall allegedly testified at trial that he did not give a statement to Burton.[8] The trial judge allegedly thwarted Petitioner's efforts to have Burton testify at his trial.[9]

Anderson alleges that he filed a petition for a writ of habeas corpus, pursuant to Tennessee Code Annotated §§ 29-21-101 *et seq.*, with the trial court on March 5, 2012, but the trial court had not rendered a decision when the instant case was commenced.[10]

On May 17, 2012, Anderson filed a Motion to Stay State Court Criminal Proceeding. (ECF No. 3.) Because Petitioner has been sentenced, that motion is DENIED as moot.[11]

---

[7] ECF No. 1-1 at 1 (Affidavit of Complaint); *see also* ECF No. 1 at 2.

[8] ECF No. 1 at 1.

[9] Id.

[10] Id. at 2-3.

[11] The motion was also meritless even before the entry of the state-court judgment. Under the Anti-Injunction Act, 28 U.S.C. § 2283, "[a] court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in
(continued...)

3

A petition under 28 U.S.C. § 2254 requires that a prisoner be "in custody pursuant to the judgment of a State court." 28 U.S.C. § 2254(a). When this action was commenced, no judgment had entered and, therefore, § 2254 is inapplicable.

Although a judgment has now entered, the Court declines to review this § 2254 petition at this time. Twenty-eight U.S.C. §§ 2254(b) and (c) provide that a federal court may not grant a writ of habeas corpus on behalf of a state prisoner unless, with certain exceptions, the prisoner has exhausted available state remedies by presenting the same claim sought to be redressed in a federal habeas court to the state courts. Cullen v. Pinholster, ___ U.S. ___, ___, 131 S. Ct. 1388, 1398, 79 L. Ed. 2d 557 (2011). The petitioner must "fairly present"[12] each claim to all levels of state court review, up to and including the state's highest court on discretionary review, Baldwin v. Reese, 541 U.S. 27, 29, 124 S. Ct.

---

[11] (...continued)
aid of its jurisdiction, or to protect or effectuate its judgments." The Sixth Circuit explained that "[t]he Act thereby creates 'an absolute prohibition against enjoining state court proceedings, unless the injunction falls within one of three specifically defined exceptions,' which are set forth in the statutory language." Andreano v. City of Westlake, 136 F. App'x 865, 879-80 (6th Cir. 2005) (quoting Atl. Coast Line R.R. Co. v. Bhd. of Locomotive Eng'rs, 398 U.S. 281, 286, 90 S. Ct. 1739, 1743, 26 L. Ed. 2d 234 (1970)). No exception to the Act is applicable here. Mitchum v. Foster, 407 U.S. 225, 233-38, 92 S. Ct. 2151, 2157-60, 32 L. Ed. 2d 705 (1972). The Supreme Court held in Younger v. Harris, 401 U.S. 37, 40-41, 91 S. Ct. 746, 749, 27 L. Ed. 2d 669 (1971), that the Anti-Injunction Act precludes federal courts from enjoining pending state criminal prosecutions.

[12] For a claim to be exhausted, "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts, or that a somewhat similar state-law claim was made." Anderson v. Harless, 459 U.S. 4, 6, 103 S. Ct. 276, 277, 74 L. Ed. 2d 3 (1982) (per curiam). Nor is it enough to make a general appeal to a broad constitutional guarantee. Gray v. Netherland, 518 U.S. 152, 163, 116 S. Ct. 2074, 2081, 135 L. Ed. 2d 457 (1996).

1347, 1349, 158 L. Ed. 2d 64 (2004), except where the state has explicitly disavowed state supreme court review as an available state remedy, O'Sullivan v. Boerckel, 526 U.S. 837, 847-48, 119 S. Ct. 1728, 1733-34, 144 L. Ed. 2d 1 (1999). Tennessee Supreme Court Rule 39 eliminated the need to seek review in the Tennessee Supreme Court in order to "be deemed to have exhausted all available state remedies." Adams v. Holland, 330 F.3d 398, 402 (6th Cir. 2003); *see* Smith v. Morgan, 371 F. App'x 575, 579 (6th Cir. 2010) (the Adams holding promotes comity by requiring that state courts have the first opportunity to review and evaluate claims and by mandating that federal courts respect the duly promulgated rule of the Tennessee Supreme Court that recognizes that court's law and policy-making function and its desire not to be entangled in the business of simple error correction).

The procedural default doctrine is ancillary to the exhaustion requirement. *See* Edwards v. Carpenter, 529 U.S. 446, 452-53, 120 S. Ct. 1587, 1592, 146 L. Ed. 2d 518 (2000) (noting the interplay between the exhaustion rule and the procedural default doctrine). If the state court decides a claim on an independent and adequate state ground, such as a procedural rule prohibiting the state court from reaching the merits of the constitutional claim, a petitioner ordinarily is barred from seeking federal habeas review. Wainwright v. Sykes, 433 U.S. 72, 87-88, 97 S. Ct. 2497, 2506-07, 52 L. Ed. 2d 594 (1977); *see* Coleman v. Thompson, 501 U.S. 722, 729-30, 111 S.

Ct. 2546, 2555, 115 L. Ed. 2d 640 (1991) (a federal habeas court will not review a claim rejected by a state court "if the decision of [the state] court rests on a state law ground that is independent of the federal question and adequate to support the judgment"). If a claim has never been presented to the state courts, but a state court remedy is no longer available (*e.g.*, when an applicable statute of limitations bars a claim), the claim is technically exhausted, but procedurally barred. Coleman, 501 U.S. at 732, 111 S. Ct. at 2555; *see* Hicks v. Straub, 377 F.3d 538, 551 (6th Cir. 2004) (the procedural default doctrine prevents circumvention of the exhaustion doctrine).

Under either scenario, a petitioner must show "cause" to excuse his failure to present the claim fairly and "actual prejudice" stemming from the constitutional violation or, alternatively, that a failure to review the claim will result in a fundamental miscarriage of justice. Schlup v. Delo, 513 U.S. 298, 322, 115 S. Ct. 851, 864, 130 L. Ed. 2d 808 (1995); Coleman, 501 U.S. at 750, 111 S. Ct. at 2565. The latter showing requires a petitioner to establish that a constitutional error has probably resulted in the conviction of a person who is actually innocent of the crime. Schlup, 513 U.S. at 321, 115 S. Ct. at 864; *see* House v. Bell, 547 U.S. 518, 536-39, 126 S. Ct. 2064, 2076-78, 165 L. Ed. 2d 1 (2006) (restating the ways to overcome procedural default and further explaining the actual innocence exception).

When this action was commenced, Anderson had not had the opportunity to exhaust his claims in state court by taking a direct appeal or filing a petition pursuant to the Tennessee Post-Conviction Procedure Act, Tenn. Code Ann. §§ 20-30-101 *et seq*. The Court is unable to review the merits of the issues presented unless, and until, Anderson properly exhausts his claims. Moreover, Anderson must exhaust **each** challenge to his conviction and sentence in state court before filing a § 2254 petition, since he is limited to filing only one such petition. *See* 28 U.S.C. § 2244(b)(1)-(2).

The Court is unable to conclude that the issues presented by Anderson are procedurally barred. It is unclear whether Anderson took a direct appeal. Even if he did not, the statute of limitations for filing a state post-conviction petition has not yet expired. *See* Tenn. Code Ann. § 40-30-102(a).

Therefore, the Court DISMISSES the Petition without prejudice to Anderson's right to file a § 2254 petition on the convictions at issue after he has exhausted his claims in state court. Judgment shall be entered for Respondent.

There is no absolute entitlement to appeal a district court's denial of a § 2254 petition. Miller-El v. Cockrell, 537 U.S. 322, 335, 123 S. Ct. 1029, 1039, 154 L. Ed. 2d 931 (2003); Bradley v. Birkett, 156 F. App'x 771, 772 (6th Cir. 2005). The Court must issue or deny a certificate of appealability ("COA") when it enters a final order adverse to a § 2254 petitioner. Rule 11, Rules

Governing Section 2254 Cases in the United States District Courts. A petitioner may not take an appeal unless a circuit or district judge issues a COA. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1).

A COA may issue only if the petitioner has made a substantial showing of the denial of a constitutional right, and the COA must indicate the specific issue or issues that satisfy the required showing. 28 U.S.C. §§ 2253(c)(2) & (3). A "substantial showing" is made when the petitioner demonstrates that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Miller-El, 537 U.S. at 336, 123 S. Ct. at 1039; *see also* Henley v. Bell, 308 F. App'x 989, 990 (6th Cir. 2009) (per curiam) (same). A COA does not require a showing that the appeal will succeed. Miller-El, 537 U.S. at 337, 123 S. Ct. at 1039; Caldwell v. Lewis, 414 F. App'x 809, 814-15 (6th Cir. 2011). Courts should not issue a COA as a matter of course. Bradley, 156 F. App'x at 773.

In this case, there can be no question that Petitioner has failed to exhaust the claims presented in state court. Because any appeal by Petitioner on the issues raised in this petition does not deserve attention, the Court DENIES a certificate of appealability.

Rule 24(a)(1) of the Federal Rules of Appellate Procedure provides that a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit. However, if the district court certifies that an appeal would not be taken in good faith, or otherwise denies leave to appeal *in forma pauperis*, the prisoner must file his motion to proceed *in forma pauperis* in the appellate court. *See* Fed. R. App. P. 24(a) (4)-(5). In this case, for the same reasons the Court denies a certificate of appealability, the Court determines that any appeal would not be taken in good faith. It is therefore CERTIFIED, pursuant to Federal Rule of Appellate Procedure 24(a), that any appeal in this matter would not be taken in good faith, and leave to appeal *in forma pauperis* is DENIED.[13]

IT IS SO ORDERED this 28th day of March, 2013.

**s/ S. Thomas Anderson**
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

---

[13] If Petitioner files a notice of appeal, he must pay the full $455 appellate filing fee or file a motion to proceed *in forma pauperis* and supporting affidavit in the Sixth Circuit Court of Appeals within thirty (30) days of the date of entry of this order. *See* Fed. R. App. P. 24(a)(5).